UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEL GONZALES,

Plaintiff,

v.

SUNTRUST MORTGAGE, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WASHINGTON ADMINISTRATIVE SERVICE, INC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and DOES 1 through 50,

Defendants.

NO. CV-11-0460-EFS

**ORDER GRANTING AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, REMANDING STATE LAW CLAIMS, AND CLOSING FILE**

Before the Court, without oral argument, are Plaintiff Del Gonzales' Motion for a Temporary Restraining Order, ECF No. 11, and Defendants SunTrust Mortgage, Inc. ("SunTrust") and Mortgage Electronic Registration Systems, Inc.'s (MERS) (collectively, "Defendants")[1] Motion to Dismiss, ECF No. 5. After reviewing the submitted material and relevant authority, the Court is fully informed. As is explained below, the Court grants Defendants' motion to dismiss the federal claims and remands the remaining state-law claims.

[1] The other Defendants, Washington Administrative Service, Inc. and Federal National Mortgage Association, remain unserved.

**A. Background**

On September 4, 2007, Mr. Gonzales signed a Promissory Note ("Note") and Deed of Trust ("Deed"). ECF No. 2 Ex. B. The Deed of Trust identified SunTrust as the lender, and MERS as the beneficiary under the security instrument. *Id.* In the Note, Mr. Gonzalez promised to pay SunTrust $196,000.00 by making timely monthly payments of $1,304.00. *Id.* at 42. The years following 2007 proved difficult for many homeowners. The Court empathizes with them but is duty bound to follow the law and does so here.

On November 8, 2011, Mr. Gonzales filed this "Action to Quiet Title" ("Complaint") in Grant County Superior Court. *Id.* at 11. Mr. Gonzales' Complaint, which discusses the relatively-recent troubles experienced in the real-estate and banking industries, does not clearly identify the claims being pled against each of the Defendants. Rather, the Complaint generally alleges that Defendants must forgo any interest that they have in the property because Defendants 1) committed fraud by misrepresenting the amount of Mr. Gonzales' income on the loan application, 2) did not provide him with a copy of the pertinent loan documents, and 3) possibly separated the security interest from the right to receive his monthly payments. Mr. Gonzales emphasizes that Defendants must prove to the Court that they are the rightful recipients of his monthly mortgage payments before he will resume payment.

After being served with the Complaint, Defendants removed this lawsuit to federal court on December 15, 2011, believing federal subject-matter jurisdiction existed because the Complaint appeared to state violations of the following federal statutes: the Federal Trade

Commission Act (FTC), 15 U.S.C. §§ 41 *et seq.*; the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 *et seq.*; and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2605 *et seq.* ECF No. 1. On January 5, 2012, Defendants filed their motion to dismiss, seeking dismissal of all claims stated in the Complaint. ECF Nos. 5 & 7. Mr. Gonzales opposes the motion. ECF No. 9. On February 8, 2012, Mr. Gonzales also filed a Motion for Temporary Restraining Order. ECF No. 11.[2]

**B. Defendants' Motion to Dismiss**

Defendants ask the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because 1) the Complaint fails to satisfy the pleading requirements under either Federal Rule of Civil Procedure 8 or 9(b), 2) many of the claims are time barred, and 3) the state claims are preempted by federal law. In his response, Mr. Gonzales expressly opposes the motion as to his quiet title, TILA, RESPA, and fraud/misrepresentation claims.[3]

---

[2] Local Rule 7.1(h)(1) requires a party to file a separate notice of hearing with each motion. Mr. Gonzales did not do so. Nonetheless, the Court hears his motion because timely action is required given the Notice of Trustee Sale indicating a February 17, 2012 auction of the subject property. Also, because an expedited hearing is necessary, the Court hears Mr. Gonzales' motion without a reply.

[3] Because Mr. Gonzalez did not respond to Defendants' arguments relating to the FTA, breach of fiduciary duty, or the Washington Deed of Trust Act, the Court dismisses these claims to the extent they were pled in the Complaint. *See* L.R. 7.1(e) (providing that failure to respond is

In regards to the opposed federal claims, the Court finds the Complaint fails to satisfy Rule 8's pleading requirements, as set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Complaint fails to allege facts to identify how Defendants' conduct violated the TILA and RESPA. The Complaint also fails to provide a "statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, the Court finds the Complaint's federal TILA and RESPA claims are insufficiently pled.

Typically, leave to amend is granted to allow a pro se plaintiff to correct pleading deficiencies. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal citation and quotation marks omitted)). The Court determines that leave to amend is clearly not required because any TILA and RESPA claims are time barred.

First, the TILA's one-year statute of limitations runs from the date the loan was consummated, unless it is equitably tolled. Mr. Gonzales has not pled any facts to support a finding that the one-year statute of limitations should be tolled. Mr. Gonzales does contend that he was not given mortgage documents by SunTrust; however, both the Note and the Deed were recorded in Grant County on September 6, 2007. Because Mr. Gonzalez had access to these documents, the Court determines the statute of

---

considered by the Court as consent to entry of an adverse order in that regard).

limitations for his TILA claims began running no later than September 7, 2007, the date he reasonably could obtain these recorded documents from the county. *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (discussing TILA and equitable tolling). Accordingly, because it is clear that Mr. Gonzales' TILA claims are time barred, the Court denies him leave to amend such claims.

Second, Mr. Gonzales does not identify the provision of RESPA that he relies on. Assuming he is relying on 12 U.S.C. §§ 2607 (prohibition against kickbacks and unearned fees) or 2608 (use of certain title companies), these claims are untimely because they are subject to a one-year statute of limitations and information supporting these claims was available to Mr. Gonzales in 2007. *See* 12 U.S.C. § 2614 (setting a one-year statute of limitations for §§ 2607 and 2608 claims from the date of the violation). The remaining RESPA claim that may be brought by an individual is a § 2605 claim, which has a three-year statute of limitations from the date of violation. 12 U.S.C. § 2614 (setting a three-year statute of limitations for a § 2605 claim). The Complaint fails to identify how Defendants violated § 2605(b), which states: "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." *Id.* § 2605(b). Mr. Gonzales' opportunity to explain how Defendants violated § 2605(b) was in his response to the motion to dismiss. *See* L.R. 7.1(e) (providing that failure to respond is considered by the Court as consent to adverse Order). He did not do so. Accordingly, the Court finds it clear that leave to amend the RESPA claims need not be given.

There being no federal claim that states a claim upon which relief can be granted, the Court remands the state law claims to Grant County Superior Court.[4] 28 U.S.C. § 1367(c)(3). The Court also declines to hear Mr. Gonzales' Motion for Temporary Restraining Order; this motion is remanded to Grant County Superior Court.

**C. Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, **ECF No. 5**, is **GRANTED IN PART** (federal claims are dismissed) **and DENIED IN PART** (state law quiet-title and fraud/misrepresentation claims are remanded).

2. This lawsuit is **REMANDED**, including Mr. Gonzales' Motion for a Temporary Restraining Order, **ECF No. 11**, to the Grant County Superior Court (Case No. 11-2-0142809).

///

3. All hearings and deadlines in this federal lawsuit are **STRICKEN**.

---

[4] In their motion, Defendants attempt to determine the wide array of state law claims that Mr. Gonzales is asserting in his Complaint. As noted above, in his response, Mr. Gonzales did not identify any state-law claims other than his quiet title and fraud/misrepresentation claims. Accordingly, the Court remands the Complaint with the understanding that only these two state-law claims are asserted by Mr. Gonzales. The Court defers to the state court to determine whether these two state law claims are adequately pled.

4. This file shall be **CLOSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to Mr. Gonzales, counsel, and Grant County Superior Court.

**DATED** this 13th day of February 2012.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2011\0460.dism.lc1.wpd